UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:20-cv-23576

Matreshka Concerts, LLC,

      Plaintiff,

v.

Valerii Povaliaiev, individually, and
International Concert Agency, LLC,
a Florida Limited Liability Company,

      Defendants.
_____/

# COMPLAINT
### (*Jury Trial Demanded*)

Plaintiff, Matreshka Concerts, LLC, by and through its undersigned counsel, hereby sues the Defendants, Valerii Povaliaiev, individually, and International Concert Agency, LLC, and states as follows:

## NATURE OF ACTION

1. This is an action against Defendant Valerii Povaliaiev for Fraud, Civil Theft, Conversion, Unjust Enrichment, and against Defendant International Concert Agency, LLC for Breach of Contract, Conversion, and Unjust Enrichment related to contract for artist performance in Moscow, Russia.

## PARTIES

2. Plaintiff, Matreshka Concerts, LLC is a company incorporated under the laws of the Russian Federation.

3. Defendant, Valerii Povaliaiev, is a United States resident and is domiciled in the State of Florida and is otherwise *sui juris*. Defendant, International Concert Agency, LLC is a limited liability company incorporated under the laws of the State of Florida with principal place

of business in the State of Florida.

## JURISDICTION AND VENUE

4.  Jurisdiction is proper before this Court pursuant to 28 U.S. Code § 1332, as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court has personal jurisdiction over the Defendant, Valerii Povaliaiev, because the defendant resides in the Southern District of Florida. This Court has personal jurisdiction over the Defendant, International Concert Agency, LLC because the defendant does business in the Southern District of Florida. Venue in this District is proper pursuant to 28 U.S.C. § 1391 (a) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## GENERAL ALLEGATIONS

5.  The Plaintiff, Matreshka Concerts, LLC is a Russian company that organizes concerts on the territory of the Russian Federation. The Plaintiff is responsible for booking concerts with international artists through various agencies around the world.

6.  The Defendant, International Concert Agency, LLC is an agency engaged in helping locate artists for international performances. The Defendant, International Concert Agency, LLC, among other things, also executes agreements ("Orders") with clients on behalf of artists for international performances.

7.  The Defendant, Valerii Povaliaiev, is the employee and an agent of the International Concert Agency, LLC. The Defendant acts as a liaison between the client ordering the concert performance and the artist.

8.  On May 30, 2019, the Defendant, Valerii Povaliaiev, executed a contract with the Plaintiff, Matreshka Concerts, LLC, on behalf of the Defendant, International Concert Agency, LLC, for performance of an international star Khalid at Megasport Arena, located in

Khodynsky Blvd., 3, Moscow, Russian Federation on February 1, 2020. See Contract # KD17663 attached hereto as Exhibit "1".

9. The contract states in pertinent part: "ARTIST'S CANCELLATION: Purchaser agrees that Artist may cancel Artist's engagement hereunder without liability by giving the Purchaser notice thereof at least thirty (30) days prior to the commencement date of the engagement hereunder. Upon termination of this agreement in accordance with this paragraph, Artist shall return to Purchaser any deposit previously received by Artist in connection with the engagement. Subject to the foregoing, upon such termination, the parties shall have no further rights or obligations hereunder, and each of the parties shall bear its own costs incurred in connection with this agreement." See Contract # KD17663 attached hereto as Exhibit "1".

10. Pursuant to the executed agreement, the Plaintiff, Matreshka Concerts LLC was required to send the Defendant, International Concert Agency, LLC, a deposit payment in the amount of $165,000.00.

11. On June 3, 2019, the Plaintiff, Matreshka Concerts LLC sent a deposit payment in the amount of $165,000.00. See deposit receipt attached hereto as Exhibit "2".

12. On or about June 6, 2019 the Defendant, Valerii Povaliaiev, informed the Plaintiff, Matreshka Concerts LLC that Khalid's show would need to be rescheduled.

13. On July 5, 2019, the Plaintiff, Matreshka Concerts LLC asked for the return of the deposit as the contract indicated a specific date of the performance "February 1, 2020". The Defendant, Valerii Povaliaiev, refused to return the deposit and informed the Plaintiff that he will not cancel the show because he has other cities and that he will be looking for another way.

14. On July 25, 2019 the Plaintiff, Matreshka Concerts LLC, demanded the return of the deposit once again.

15. On July 26, 2019 the Defendant, Valerii Povaliaiev, responded to the Plaintiff with the following: "I am not going to ask them to return the money just because of Moscow I do not want to lose other cities"

16. On August 22, 2019, the Plaintiff, Matreshka Concerts LLC made another attempt to return the deposit in writing via email. This email was ignored by the Defendants.

17. On December 30, 2019, the Plaintiff sent another official claim No. 3012/2019-1, which the Defendants ignored.

18. On August 23, 2019, the Plaintiff, Matreshka Concerts LLC, contacted International Concert Agency LLC and was told that the Plaintiff's deposit funds have been returned to International Concert Agency LLC. At that point, it became apparent that Defendants willfully withheld the funds.

19. On February 28, 2020, the Plaintiff, Matreshka Concerts LLC, wrote a letter of Claim to the Defendant Mr. Valerii Povaliaiev and to the Defendant International Concert Agency LLC. The Plaintiff did not receive a response.

20. On June 10, 2020, the Plaintiff mailed a civil theft letter to the Defendant Mr. Valerii Povaliaiev and to the Defendant International Concert Agency LLC via certified mail return receipt requested. Once again, the Defendants ignored this communication as well.

21. The Plaintiff, Matreshka Concerts, LLC, made numerous attempts to contact the defendants in hopes of returning the deposit pursuant to the contract, however, to date, the Defendants have not returned the deposit.

22. Upon information and belief, the Defendants unlawfully retained the deposit in the amount of $165,000.00 in order to defraud the Plaintiff, Matreshka Concerts, LLC and the Defendant Valerii Povaliaiev pocketed the funds.

## COUNT I BREACH OF CONTRACT

23. The Plaintiff, Matreshka Concerts, LLC re-alleges all general allegations as if fully set forth.

24. The Defendant, International Concert Agency LLC, entered into an agreement with Plaintiff.

25. Defendant, International Concert Agency LLC, breached the agreement.

26. The Plaintiff, Matreshka Concerts, LLC has suffered damages as a result of Defendant's breach.

**WHEREFORE,** the Plaintiff demands monetary judgment against the Defendant and such other relief this Court deems just and proper.

## COUNT II CONVERSION

27. The Plaintiff, Matreshka Concerts, LLC re-alleges all general allegations as if fully set forth.

28. The Defendant, International Concert Agency LLC took ownership of property ("deposit funds") in the amount of $165,000.00 belonging to The Plaintiff, Matreshka Concerts, LLC.

29. The Defendant, International Concert Agency LLC took Plaintiff's deposit funds with the intent to exercise ownership inconsistent with Plaintiff's right of possession.

30. Defendant acted in asserting a right of dominion over deposit funds, which was inconsistent with the right of the Plaintiff.

**WHEREFORE,** Plaintiff respectfully request this honorable Court: enter judgment in favor of the Plaintiff and any other relief this Court deems just and necessary.

## COUNT III UNJUST ENRICHMENT

31. The Plaintiff, Matreshka Concerts, LLC re-alleges all general allegations as if fully set forth.

32. The Plaintiff, Matreshka Concerts, LLC conferred a benefit upon The Defendant, International Concert Agency LLC by virtue of having in his possession $165,000.00 which does not belong to it and Defendant used the benefit to enrich itself.

33. The Defendant, International Concert Agency LLC appreciated the benefit of the funds and/or used the funds to benefit itself.

34. The Defendant, International Concert Agency LLC's acceptance and retention of the benefit under circumstances that make it inequitable for it to retain it without paying the value thereof.

**WHEREFORE**, Plaintiff respectfully requests this honorable Court to enter judgment in favor of the Plaintiff and any other relief this Court deems just and necessary.

## COUNT IV CONVERSION

35. The Plaintiff, Matreshka Concerts, LLC re-alleges all general allegations as if fully set forth.

36. The Defendant, Valerii Povaliaiev took ownership of property ("deposit funds") in the amount of $165,000.00 belonging to The Plaintiff, Matreshka Concerts, LLC.

37. The Defendant, Valerii Povaliaiev took Plaintiff's deposit funds with the intent to exercise ownership inconsistent with Plaintiff's right of possession.

38. The Defendant, Valerii Povaliaiev acted in asserting a right of dominion over deposit funds, which was inconsistent with the right of the Plaintiff.

**WHEREFORE**, Plaintiff respectfully request this honorable Court: enter judgment in

favor of the Plaintiff and any other relief this Court deems just and necessary.

## COUNT V UNJUST ENRICHMENT

39. The Plaintiff, Matreshka Concerts, LLC re-alleges all general allegations as if fully set forth.

40. The Plaintiff, Matreshka Concerts, LLC conferred a benefit upon the Defendant, Valerii Povaliaiev by virtue of having in his possession $165,000.00, which does not belong to him and the Defendant used the benefit to enrich itself.

41. The Defendant, Valerii Povaliaiev appreciated the benefit of the funds and/or used the funds to benefit himself.

42. The Defendant, Valerii Povaliaiev's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.

**WHEREFORE**, Plaintiff respectfully requests this honorable Court to enter judgment in favor of the Plaintiff and any other relief this Court deems just and necessary.

## COUNT VI CIVIL THEFT

43. The Plaintiff, Matreshka Concerts, LLC re-alleges all general allegations as if fully set forth.

44. At all times herein mentioned, Plaintiff was, and still is, the owner and was, and still is, entitled to immediate possession of the following personal property: deposit funds in the amount of $165,000.00.

45. On or about August of 2019, at Miami-Dade County, Florida, the above-mentioned property had a value of $ 165,000.00.

46. The Defendant, Valerii Povaliaiev knowingly obtained Plaintiff's property with the felonious intent to commit theft and deprive the Plaintiff of its rights and benefits in the

property and appropriate Plaintiff's property to his own use in violation of Fla. Stat. § 812.014 by receiving the funds from the artist Khalid and depositing them into his own bank account.

47. On June 5, 2019, Plaintiff demanded in writing the immediate return of the above-mentioned property but the Defendant, Valerii Povaliaiev failed and refused and continues to fail and refuse to return the property to Plaintiff. Copies of Plaintiff's written demand for return of the property and Defendant(s)' written refusal to return the property are attached hereto as Exhibits "3" and "4", respectively, and are made a part hereof)].

48. As a direct and proximate result of the wrongful acts of the Defendant, Valerii Povaliaiev Plaintiff has suffered actual damages in the sum of $ 165,000.00.

49. Plaintiff has retained the Law Offices of Ama-Mariya Hoffenden, PLLC to represent Plaintiff in this action and has agreed to pay the firm reasonable attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees in this action in that Fla. Stat. § 772.11(1) provides for them.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For actual damages in the amount of $ 165,000.00.

2. For treble damages as provided by statute;

3. For its attorneys fees and costs incurred;

4. For prejudgment interest; and

5. For any other and further relief as the court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issue so triable.

## VERIFICATION

I, VERA BORINA (Representative of the Plaintiff, Matreshka Concerts, LLC), verify under penalty of perjury that I have read the above complaint and its contents. I also verify that, to the best of my knowledge and recollection, the matters stated in the complaint are true and correct.

_____
Vera Borina

On behalf of the Plaintiff, Matreshka Concerts, LLC

12th August 2020
_____
Date

Respectfully submitted,

/s/ Ama-Mariya Hoffenden, Esq.
By: Ama-Mariya Hoffenden, Esq.
FLORIDA BAR NO.: 109009
THE LAW OFFICES OF AMA-MARIYA HOFFENDEN, PLLC
4000 Hollywood Blvd., Suite 165-S
Hollywood, Florida 33021
Telephone (786) 353-4202
E-mail: hoffendenlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2020, the foregoing document was filed with the Clerk of the Court via CM/ECF.

*/s/ Ama-Mariya Hoffenden, Esq.*
By: Ama-Mariya Hoffenden, Esq.
